# PRACTICES & PROCEDURES
# DISTRICT JUDGE JAMES R. SWEENEY II

## INTRODUCTION

Counsel appearing before District Judge James R. Sweeney II are expected to read and comply with these Practices & Procedures.  Because each case is unique, however, counsel should feel free to raise any concerns that counsel may have about the appropriateness of these Practices & Procedures to the particular case at hand. Inquiries should be directed to the Courtroom Deputy Clerk, Ben Rogers, at 317-229-3746.   Judge Sweeney may also alter them *sua sponte* as appropriate in a particular case.

## PROFESSIONALISM

Attorneys entering an appearance in this Court necessarily agree to comply with the Indiana Rules of Professional Conduct, as amended from time to time by the Indiana Supreme Court. L.R. 83-5(e).  They also necessarily agree to comply with the Seventh Circuit Standards of Professional Conduct, L.R. 83-5(e), which are available                            here:                       http://www.ca7.uscourts.gov/rules-procedures/rules/rules.htm#standards.   Those standards, among other things, delineate the Circuit's and Judge Sweeney's minimum civility expectations for counsel.  In the unlikely event that counsel should engage in conduct inconsistent with these rules, Judge Sweeney will not hesitate to take appropriate action.

## MOTIONS PRACTICE

### *Motions for Extension of Time, in General*

Judge Sweeney expects that counsel will act with reasonable diligence with respect to counsel's cases before him.  Counsel have considerable input in the development of the case management plan, and therefore the Court reasonably expects compliance with the deadlines within the Case Management Plan ("CMP"). However, if counsel believes that an extension of a deadline is necessary, counsel should (1) contact opposing counsel to determine whether opposing counsel will object and (2) file a motion for extension of time including the position of opposing counsel.

Like counsel, Judge Sweeney and the magistrate judges face competing demands on their time.  Thus, absent truly unforeseen and unforeseeable circumstances— which are rare—counsel cannot reasonably expect the Court to forsake other pending matters to immediately consider motions for extension of time.  Counsel are

1

Feb-19 Version

therefore advised to file such motions as far in advance as possible.   Consistent with Local Rule 6-1(a)(5), absent extraordinary circumstances or unless a longer period is ordered (for example, in the entry setting a settlement conference before the magistrate judge), counsel must file motions for extension of time **at least three full business days** in advance of the deadline to be continued.   The failure to do so, without adequate explanation for the delay, may result in a summary denial of the motion.

### *Motions to Extend the Dispositive Motion Deadline*

The Court's Uniform Case Management Plan anticipates at least 180 days between the dispositive motion deadline and trial.   This time period is intended to provide (1) the parties with time to fully brief the dispositive motion and (2) the Court with sufficient time to review the motion and, within the context of other matters on the docket, to prepare an opinion sufficiently in advance of trial so that the parties are aware of the issues to be resolved at trial.   Counsel should not seek any extension of time of the dispositive motion deadline if it would shorten the 180-day period.   If the 180-day time period is compromised by any extension sought, the scheduled trial date may be lost.

### *Deposition Excerpts*

Whenever a party relies upon a deposition excerpt to support or oppose a motion, the party should cite to the specific page and line numbers of the deposition.   The party should provide the relevant excerpts—**and the three pages immediately preceding and following each excerpt**—as an exhibit.   The Court may summarily deny motions that do not include the relevant excerpts of the pertinent depositions.

### *Summary Judgment Motions*

If a party plans to file a motion for summary judgment, counsel for that party shall contact counsel for the other parties to the action to determine if any other party also plans to file a motion for summary judgment.   In the event that more than one party plans to file a motion for summary judgment, Judge Sweeney prefers to avoid simultaneous briefs on "mirror image" motions.   Rather than the normal brief, response, and reply for each motion, he prefers four briefs as follows on cross-motions for summary judgment:

1.      Motion and Brief in Support by Party A (limited to 35 pages);

2

2.     Cross-Motion, Brief in Support and Response in Opposition by Party B (limited to 55 pages);

3.     Reply in Support of Motion and Response in Opposition to Cross-Motion by Party A (limited to 40 pages); and

4.     Reply in Support of Cross-Motion by Party B (limited to 20 pages).

Permission to file a brief in excess of these page limitations will be granted only upon motion supported by extraordinary and compelling reasons.   "Collateral motions in the summary judgment process, such as motions to strike, are disfavored. Any dispute regarding the admissibility or effect of evidence should be addressed in the briefs."   L.R. 56-1(i).

**IMPORTANT NOTE REGARDING SUMMARY JUDGMENT:**   If the motion at issue is a Motion for Summary Judgment, make sure that the brief complies with Local Rule 56-1(e), which provides: "A party must support each fact the party asserts in a brief with a citation to a discovery response, a deposition, an affidavit, or other admissible evidence.   The evidence must be in the record or in an appendix to the brief.   The citation must refer to a page or paragraph number or otherwise similarly specify where the relevant information can be found in the supporting evidence."   *See also* Fed. R. Civ. P. 56(e); *Bluestein v. Cent. Wis. Anesthesiology, S.C.*, 769 F.3d 944, 948 n.1 (7th Cir. 2014) (not crediting version of facts omitting citations to particular parts of the record).   Complying with these rules requires the party to specifically cite to evidence for each fact set forth in the fact **and** argument sections.

**Failure to comply with Local Rule 56-1(e) or Fed. R. Civ. P. 56(e) may result in unsupported facts being disregarded or in an order requiring re-filing of a compliant brief.**

### *Descriptive Identifiers on Electronically Filed Exhibits*

See **Appendix A** to these Practices and Procedures for specific examples and screenshots of proper descriptive identifiers on electronically filed exhibits.

It is critically important that exhibits be filed before supporting briefs so that the supporting briefs cite to the docket numbers of the previously-filed exhibits.   This significantly facilitates the Court's review of the motion and briefs as well as the parties' review of the filed materials.

When electronically filing exhibits to any motion, appendix, or index, **number the exhibits and add a descriptive identifier** for the exhibits, *e.g.*, "Exhibit 1 –

3

Affidavit of John Smith" instead of just "Exhibit 1," or "Exhibit 2 – Deposition Excerpt of Jane Doe pp. 21-25" instead of just "Exhibit 2."

### *Citation Form*

See **Appendix A** to these Practices and Procedures for specific examples and screenshots of proper citation format.

In a supporting brief, cite to the docket number, the attachment number (if any), and the applicable .pdf page as it appears on the docket information located at the top of the filed document.   For example:

> Mr. Smith signed an employment agreement with ABC Corporation on May 1, 2012.   (ECF No. 42-8 at 5.)

That citation would refer to page five of attachment eight to the item filed as docket number 42.

## CONSENTING TO A MAGISTRATE JUDGE

Here in the Southern District of Indiana, we are fortunate to have highly qualified magistrate judges.   Counsel in civil cases are, therefore, encouraged to discuss with their clients the benefits of consenting to have the assigned magistrate judge preside over the matter pursuant to Federal Rule of Civil Procedure 73.   For example, because magistrate judges have few criminal matters—which must be given priority on the docket—magistrate judges can generally resolve civil matters faster than a district judge.   For these reasons, the parties are also encouraged to consent to the referral of particular matters to the magistrate judges, such as motions to dismiss or for summary judgment, change of venue, remand, or more definite statement.   Of course, parties remain free to withhold consent without adverse substantive consequences.

## TRIAL

### *The Final Pretrial Conference*

1.      The Court will hold a final pretrial conference before the trial.   Counsel must be prepared to argue any pending motions, objections, and jury instructions at that conference.

2.      The Court will issue an order setting deadlines for certain filings in advance of the final pretrial conference.   Strict compliance with those deadlines is required,

4

Feb-19 Version

and the deadlines may differ from those set forth in the CMP.

3.      The parties are expected to work together to prepare the filings required by the final pretrial order.

4.      Motions in limine should be filed as one document numerically listing each issue to be addressed.   Leave of Court must be sought to raise more than 10 issues. The party responding to the motion must respond to each numerically listed issue with either "no objection" or "objection" and then state the reasons for the objection with citation to case law.

5.      The agenda for the final pretrial conference typically includes the following items:

   a.      Discuss voir dire process, length of opening statements, and length of closing arguments.

   b.      Review witness lists to determine who will testify and the subjects of their testimony.

   c.      Discuss stipulations.

   d.      Review exhibit lists and discuss admissibility and objections.   Bring copies of proposed exhibits to conference.

   e.      Discuss testimony that will be offered by way of deposition and objections.

   f.      Discuss motions in limine and objections.

   g.      Discuss preliminary instructions and objections.

   h.      Discuss status of final jury instructions, objections, and verdict forms.

   i.      Discuss status of possible settlement.

### *General Trial Matters*

1.      Counsel are expected to know the Federal Rules of Civil Procedure, the Federal Rules of Evidence, and the Local Rules of the United States District Court for the Southern District of Indiana.   A copy of the Local Rules can be obtained either from the Clerk's Office or on the Internet at http://www.insd.uscourts.gov/local-rules.

5

Feb-19 Version

2.    Colloquy or argument directly between attorneys is not permitted.    All remarks should be addressed to the Court.

3.    Colloquy between co-counsel or between counsel and parties when opposing counsel is questioning or arguing is inappropriate.

4.    Do not exhibit familiarity with witnesses, jurors, opposing counsel, or the Court staff in the presence of the jury.    During argument to the jury, no juror should be addressed individually or by name.

5.    No person in the courtroom should ever exhibit, by facial expression, body movement, or other conduct, any opinion (*e.g.*, surprise, happiness, disbelief, or displeasure) concerning any testimony, attorney argument, or any particular ruling by the Court.    Counsel should admonish their clients and witnesses to avoid such behavior.    Visitors who cannot abide by this requirement will be asked to leave the courtroom.

6.    Do not ask the Court Reporter to mark testimony.    All requests for re-reading of questions or answers should be addressed to the Court.

7.    After trial has begun, documents not filed electronically should be tendered to the Courtroom Deputy for filing, rather than to the Clerk's Office.

### *Court Hours and Promptness*

1.    The trial day generally begins before 9:00 a.m. and continues until about 5:00 p.m. with appropriate recesses, as needed.    Times to recess and adjourn may vary slightly, to permit the conclusion of a witness' testimony, to allow counsel to finish with direct or cross-examination, or to allow the Court to attend to other business.    The Court prefers not to hold witnesses over for testimony on the following day if avoidable.    At the conclusion of each trial day, counsel should be prepared to discuss the witness schedule for the following day.

2.    The Court makes every effort to commence proceedings at the time set. Counsel should be in the courtroom at least 15 minutes prior to the start of each day's proceedings and 30 minutes prior to the start on the first day of trial as the Court may want to meet with counsel.    The Court makes every effort to proceed with trial at the specified times.    Counsel, parties, and witnesses should be on time.    Counsel should ensure that their witnesses have proper identification to enter the courthouse. The Courtroom Deputy should be informed of any anticipated scheduling problems, and the Court will attempt to work with counsel to resolve them.

Feb-19 Version

3.      If a witness was on the stand at a recess or adjournment, that witness should be on the stand ready to proceed when the trial resumes.

4.      If the conclusion of a witness' testimony is followed by a recess or adjournment, the next witness should be ready to take the stand when the trial resumes.

5.      If a witness' testimony is expected to be brief, have the next witness immediately available, ordinarily in the witness room.

6.      Do not run out of witnesses at any time during a given day.

7.      The Court attempts to accommodate the schedules of non-party witnesses and will consider permitting them to testify out of sequence.  Anticipate any such possibility, discuss it with opposing counsel, and advise the Courtroom Deputy.  If there is an objection, advise the Courtroom Deputy in advance.

8.      If both parties expect to call a witness, the Court will usually require all questioning of the witness when called in the plaintiff's case.   If a party believes non-leading questions should be asked of the witness, leave can be requested under Federal Rule of Evidence 611.

### *Opening Statements and Closing Arguments*

1.      Counsel should stand at the lectern during the opening statement and closing argument, but counsel may ask the Court for permission to leave the lectern.

2.      The Court will honor counsel's reasonable requests concerning the amount of time for opening statements and closing arguments.   These limits will ordinarily be set at the final pretrial conference.

3.      During the argument of opposing counsel, remain seated at the counsel table and be respectful.   Never divert the attention of the Court or the jury.   Counsel should so instruct their clients and witnesses.

4.      During opening statements, do not use an exhibit as to which admissibility has not been stipulated unless you have raised the matter in advance with the Court and opposing counsel.

5.      Confine opening statements to what you expect the evidence to show.   It is not proper to use the opening statement to argue the case, to instruct as to the law, or to express counsel's personal opinion.

Feb-19 Version

6.      If plaintiff is going to suggest a damages number to the jury, that number must be stated in the opening segment of plaintiff's closing argument, so defendant has an opportunity to respond.

7.      Although plaintiff is permitted to open and close final arguments, the large majority of the time must be spent in the opening portion.

8.      Jurors' comments after trials have indicated that they resent long closing arguments.   Be brief.

9.      Closing argument should never include statements of counsel's personal beliefs or insults to opposing counsel.

10.      Counsel are encouraged to refer to the final jury instructions during closing argument.

### *The Venire and Voir Dire*

1.      A list of the venire and copies of questionnaires that the venire have completed will be available to counsel the Friday before the trial starts.   As soon as the jury has been chosen, the questionnaires must be returned to the Courtroom Deputy.

2.      Seating of the venire will be discussed at the final pretrial conference and the practice will vary, in part, based on the courtroom being used for trial. Voir dire ordinarily will be conducted of all prospective jurors at the same time.

3.      A seating chart will be available the morning of trial.

4.      The Court will initiate and conduct the first part of the voir dire.   Pursuant to the Court's scheduling orders, counsel may submit before trial any questions they would like the Court to ask.

5.      After the Court concludes its voir dire, counsel may have a brief opportunity to question the panel.   Whether counsel will have an opportunity to question the panel, and if so, for how long, will be decided at the final pretrial conference.   Counsel conducting voir dire should do so standing at the lectern.

6.      Examples of inappropriate voir dire:

   a.      Argument.

Feb-19 Version

b.      Asking jurors if they will be able to enter a certain verdict.

7.      In civil cases, each side will be entitled to a minimum of three peremptory challenges for the entire venire.   On a case by case basis, depending on the number of prospective jurors summoned and the number of prospective jurors excused for cause, additional peremptory challenges may be granted.   When all challenges have been completed and there are more prospective jurors than required, the appropriate number of jurors will be chosen from those with the lowest order of draw numbers.

8.      In criminal cases, the government will be entitled to six peremptory challenges; the defense will be entitled to ten peremptory challenges; plus any additional challenges for alternate jurors pursuant to Fed. R. Crim. P. 24.

9.      All peremptory challenges will be exercised simultaneously and in writing. A party cannot collaborate with another party while exercising challenges without leave of Court.

10.      In civil cases, the Court ordinarily seats a jury of eight members. However, in certain cases, based upon the expected length of the trial, additional jurors may be seated.   There are no alternate jurors in civil cases; all jurors selected will participate in deliberations.

### *Facilities*

1.      If counsel wish to use the Court's Video Evidence Presentation System ("VEPS") they should notify the Courtroom Deputy at the final pretrial conference.

2.      If counsel wishes to use any other equipment such as an easel, a dry erase board, etc. then they will need to provide such materials themselves.

3.      If a witness room will be available, the Courtroom Deputy will notify counsel before trial begins.   If available, the witness room will be open during trial. Witnesses should generally be asked to report to the witness room.

4.      The facilities of the chambers, including the telephones and the copier, are not available to counsel during trial.   Counsel should enter chambers and the jury room only with permission of the Court staff.

5.      Cellular phones may be used outside the courtroom, but must be turned off (not just on silent or vibrate) in the courtroom absent prior approval from the Court

6.      Unless otherwise directed, tables in the well area are not assigned by party

Feb-19 Version

in civil cases.   The first party to arrive on the first morning of the trial has first choice.   Parties are, of course, permitted to agree between themselves.

7.      On days of trial, the courtroom will be opened a half hour before the scheduled start time, but can be opened earlier by special request made to the Courtroom Deputy.

8.      The courtroom will be locked during the lunch recess (unless by agreement of all parties), and Court staff will not be present to watch any materials left in the courtroom.

9.      The courtroom will be locked overnight.

10.     Food and drinks are not allowed in the courtroom, except for bottled water.

11.     A pitcher of water and cups will be made available for each table and the witness chair.

### *Examination of Witnesses*

1.      Witnesses should be treated with appropriate fairness and consideration. They should not be shouted at, ridiculed, or otherwise abused.

2.      Counsel should conduct examination of witnesses from the lectern but may request permission to approach a witness.

3.      Avoid responding to answers with editorial comments of approval or disapproval.   Such responses are likely to draw a quick rebuke without a private warning.

4. 4.   When the trial begins, provide the Court and the Court Reporter with a list of witnesses you expect to call.   Please attempt to have the correct spellings for the Court Reporter.

5.      Have all witnesses spell their names on the record.

### *Objections to Questions*

1.      Stand when making objections.   This calls the Court's attention to you and allows you to be heard more readily.

2.      When making an objection, state only that you are objecting and specify the

Feb-19 Version

ground or grounds for that objection.

3.     Do not use objections for the purpose of making a speech, recapitulating testimony, or attempting to guide the witness.

4.     The Court may ask for a brief response from opposing counsel. Further argument upon the objection will not be heard until permission is given or argument is requested by the Court.

5.     Where more than one attorney appears for a given party, the attorney who handles the direct examination of a witness shall also make any objection when the witness is being examined by other counsel. The same attorney shall also respond to any objections of the other party. The attorney who will cross-examine a witness shall make any objection during direct testimony.

### *Difficult Questions—Advance Notice*

If counsel have reason to anticipate that any question of law or evidence is not routine, will provoke an extensive argument, or will require a proffer outside the presence of the jury, counsel should confer and attempt to resolve the matter. If agreement is not possible, counsel should give advance notice to the Court to allow for appropriate scheduling arrangements to be made.

### *Stipulations*

1.     Stipulations concerning exhibit admissibility and authenticity, as well as stipulations of fact, are not only encouraged but expected.

2.     The preferred exhibit stipulation for **jury trials** is that exhibits are admissible and may be used at any place in the trial.

3.     The preferred exhibit stipulation for **bench trials** is that exhibits are admissible and may be used at any place in the trial; only exhibits mentioned during the trial will be considered as having been admitted into evidence, unless the parties specifically stipulate otherwise.

### *Use of Depositions at Trial*

1.     Pretrial orders in civil cases will ordinarily require advance designation of depositions or deposition excerpts to be offered at trial. This matter will ordinarily be addressed in pretrial conference.

Feb-19 Version

2.      Where a deposition is to be read for impeachment purposes, the relevant excerpts must be identified orally for the record by line and page reference.   Before using portions of depositions for impeachment, counsel should ordinarily allow the witness to read them after the identification has been made for the record.   A deposition used for impeachment need not be filed or marked as an exhibit.

3.      Confer with opposing counsel to edit depositions to be used at trial, and remove unnecessary material.   This also applies to video depositions.

4.      If a deposition is to be read at trial, those portions to be read shall be marked on the original transcript and the original transcript shall be marked as an exhibit and offered as an exhibit at trial.   However, the exhibit shall not be included with the exhibits provided to the jury for its deliberations.

5.      If a video deposition is to be shown at trial, both the video and the original transcript of the deposition (with the portions to be shown marked) shall be marked and offered as exhibits, but shall not be included with the exhibits provided to the jury for its deliberations.

6.      If a deposition is to be read at trial other than for impeachment, the party seeking to use the deposition shall place a person in the witness box.   Counsel seeking to use the deposition shall read the selected questions, and the witness in the box shall read the answers of the deposed witness to those questions.

7.      If a deposition is to be used at trial other than for impeachment and objections were made at the deposition, counsel should confer before the final pretrial conference, and any disputed issues will be addressed at the final pretrial conference.

8.      The parties should stipulate, if possible, that the reading of depositions not be taken by the reporter.

9.      Summaries of deposition transcripts are acceptable only by stipulation.

10.     Medical experts who routinely examine and treat patients in their practices and who have been deposed in a particular case will be presumed by the Court to be "unavailable" for in-court testimony pursuant to Fed. R. Civ. P. 32(a)(4) so that their deposition testimony may be offered into evidence at trial in that case by any party. This presumption also applies to treating health care providers even if their deposition testimony is being offered based on firsthand observations rather than as expert opinion.   The purpose of this presumption is to avoid the inconvenience and delay to jurors, health care providers, and their patients caused by the scheduling of

in-court trial testimony.   If a party objects to the application of this presumption and the admissibility of deposition testimony instead of in-court testimony from such a witness, a written objection to the presumption, containing a showing of good cause why the admission of deposition testimony only from that witness would be prejudicial, must be filed at least 30 days before the trial date.   A party opposing such an objection can still attempt to demonstrate under Fed. R. Civ. P. 32 that the deposition testimony ought to be admitted.

### *Exhibits*

1.      Exhibits should be marked for identification before trial and a descriptive list provided to the Court and the Court Reporter the Friday before trial.

2.      All exhibits should be identified by number only ("Exhibit 1" as opposed to "Plaintiff's Exhibit 1" for example).   Counsel shall confer and agree from the commencement of discovery on a numbering system that will avoid confusion and duplication.   It is recommended that the parties utilize a numbering system in which the first deposition exhibit is marked No. 1 and so on up to No. 8, for example, for the last one. The first exhibit in the second deposition should be marked No. 9 and so on. Thus, for example, the employment contract would be the same exhibit with the same number for all depositions.   Then, the same exhibit numbers would be used for trial purposes.   Numbers for trial exhibits need not be consecutive.

3.      Unless the introduction of exhibits is governed by stipulations, or paragraph 2 or 3 above, counsel should move for the admission of stipulated exhibits at the beginning of trial.   If neither of these procedures is used, exhibits should be offered in evidence when they become admissible, rather than at the end of a witness' testimony or counsel's case.

4.      The Court expects counsel to prepare sufficient copies of documentary exhibits for each juror, 2 for the Court, 1 for the witness stand, and 1 for opposing counsel.   In civil trials that will usually mean 12 total, and in criminal trials that will usually mean 16 total.    If more than a few documents are involved, the Court strongly urges that exhibit notebooks with tabs be prepared for each juror, the Court, the witness stand, and opposing counsel.   This practice might not be necessary when some exhibits are too bulky or if there are other reasons not to use individual copies. This subject will be discussed at the final pretrial conference, and counsel must comply with whatever instructions are given at the final pretrial conference.

5.      Demonstrative exhibits should be shown to the opposing counsel before trial.   If there is an objection to a demonstrative exhibit, the parties must raise it to

Feb-19 Version

the Court at the first opportunity.  A demonstrative exhibit to which there is an objection should not be shown to the jury at any point without leave of Court.

6. During the trial, exhibits admitted into evidence are kept on the table in front of the jury box or at the witness stand if exhibits are contained in a notebook or notebooks.  Each counsel is responsible for exhibits taken from the table or the witness stand.  At each recess or adjournment, return all exhibits to the table or witness stand.  Exhibits which have been offered but not admitted are also part of the record of the case and are kept by the Courtroom Deputy.

7. Each counsel shall keep a list of admitted exhibits.  Counsel and the Courtroom Deputy shall confer at the close of the evidence to ensure that only admitted exhibits are sent to the jury.  Controlled substances, currency, firearms, or other dangerous materials are generally not sent with the jury; counsel are asked to substitute photographs.

8. If an exhibit must be marked for identification in open Court, counsel should state for the record what they are doing and describe briefly the nature of the exhibit.  Counsel should not expect the Court to provide exhibit labels.

9. Ordinarily, exhibits admitted into evidence may be displayed to the jury at the time of admission or in conjunction with other exhibits at the conclusion of the witness' examination by the "offering" counsel, but permission of the Court should be sought before doing so.

10. When counsel or witnesses refer to an exhibit, mention should also be made of the exhibit number so that the record will be clear.

11. Where maps, diagrams, pictures or similar materials are being used as exhibits, and locations or features on such documents are being pointed out by witnesses or counsel, such locations should be indicated by appropriate markings on the documents if they are not readily apparent from the exhibits themselves.  Marking on exhibits should be made only after considering the views of opposing counsel and only after receiving the Court's permission.  Counsel should then describe the markings for the record.

12. Where counsel expect to offer answers to interrogatories or requests for admissions extracted from several separate documents, prepare copies of the individual materials rather than thumbing through extensive files while the Court and the jury wait for counsel to locate the particular items.  The copies should only be the particular interrogatory or request to admit together with the caption and

14

Feb-19 Version

signature page.   These materials should ordinarily be the subject of stipulations and should be addressed at the final pretrial conference.

13.     For all documents not in notebooks, but which may be admitted into evidence, have an appropriate number of copies available on three-hole punched paper, so that if admitted, the exhibits may be distributed to the jury, the Court, opposing counsel, and the Courtroom Deputy for inclusion in the notebook or notebooks kept at the witness stand.

14.     Each page of each exhibit should have an identifying number.

15.     If deposition exhibits will be referred to at trial, either during impeachment or from reading a transcript or showing a video, and the numbering thereof is not consistent with the numbering system used at trial, a stipulation containing a cross-reference to trial exhibit numbers and any deposition exhibits to which reference may be made at trial should be utilized.

16.     If over-sized exhibits or models are to be used, counsel need to make arrangements with the Courtroom Deputy at least two weeks before start of trial.

17.     When using easels, over-sized exhibits, or models, be sure there is a proper line of sight for the jury, Court, witness, and counsel.

18.     Demonstrative exhibits are not sent to the jury room for deliberations, unless the parties agree otherwise.

### *Jury Instructions and Verdict Forms*

1.     Electronically file and serve proposed jury instructions and verdict forms pursuant to the pretrial orders.

2.     A Microsoft Word version of filed jury instructions and verdict forms must be emailed to Ben_Rogers**@insd.uscourts.gov**.

3.     Each tendered instruction must include citations to authority on which counsel relies.

4.     The Court will convene an instructions conference at an appropriate time, generally near the conclusion of all the evidence.   The conference will be held either at the end of a day, early in the morning, or at the conclusion of all testimony, depending on the circumstances of the particular case.   The Court will provide drafts of the jury instructions and verdict forms to counsel, and the conference will be held

15

on the record to discuss objections.

5.     The Court will read the final jury instructions to the jury before closing arguments unless the parties agree otherwise.   The jury will be given their own copies of the final jury instructions.

### *Jurors*

.Jurors are permitted to take notes in notebooks and in the exhibit books, and their notebooks and exhibit books accompany them during their deliberations.

### *Transcripts*

1.     Parties desiring daily transcript of testimony must make their own arrangements, at least two weeks in advance of the start of the trial, directly with the Court Reporter.

2.     Parties desiring a transcript of Court proceedings must make their own arrangements with the Court Reporter, preferably before the start of the particular proceeding.

3.     Before trial, counsel shall provide the Court Reporter with a list of words, terms, technical terminology, proper names, acronyms, and case citations that would not be found in a typical spell check.

# APPENDIX A

# PROCEDURE FOR FILING EXHIBITS AND PROPER CITATION FORM WHEN FILING A MOTION OR BRIEF

## FOR JUDGE JAMES R. SWEENEY II

### STEP ONE – FILING EXHIBITS

- It is critically important that exhibits be filed before supporting briefs so that citations in supporting briefs are to the docket numbers of the previously-filed exhibits. This facilitates the Court's review of the motion and briefs as well as the parties' review of the filed materials.

- **IF FILING A MOTION WITH SUPPORTING BRIEF:  Before filing the supporting brief**, electronically file the motion and attach any exhibits that will be cited in the supporting brief as exhibits to the motion.

  Example:

| 03/01/2012 | 🌐 38 | MOTION *for Summary Judgment*, filed by Plaintiff ROBERT SMITH. (Attachments: # 1 Exhibit 1 Johnson Aff., # 2 Exhibit 2 Johnson Dep. Excerpts)(Jones, John) (Entered: 03/01/2012) |
|---|---|---|

- **IF FILING A RESPONSE, REPLY, OR SURREPLY:**   File an appendix or index of exhibits **first**, and attach any exhibits that will be cited in the supporting brief as exhibits to the appendix or index.

  Example:

| 03/30/2012 | 🌐 42 | Appendix of Exhibits in Support of RESPONSE in Opposition re 38 MOTION for Summary Judgment, filed by Defendant ABC CORPORATION. (Attachments: # 1 Exhibit A: Smith Dep. Transcript, # 2 Exhibit B: Smith Dep. Exhibits 1-27, # 3 Exhibit C: Smith Dep. Exhibits 27-30, # 4 Exhibit D: Smith Dep. Exhibits 31-36, # 5 Exhibit E: Smith Dep. Exhibits 37- |
|---|---|---|

| | | 48, # 6 Exhibit F: Baker Dec. with Exhibits 1-6, # 7 Exhibit G: Jackson Dec. with Exhibits 1-3, # 8 Exhibit H: Smith Employment Agreement (White, Susan) (Entered: 03/30/2012) |
|---|---|---|

- When electronically filing exhibits to any motion, appendix, or index, **number the exhibits and add a descriptive identifier** for the exhibits, *e.g.*, "Exhibit 1 – Affidavit of John Smith" instead of just "Exhibit 1," or "Exhibit 2 – Deposition Excerpt of Jane Doe pp. 21-25" instead of just "Exhibit 2."

Example:

| Attachment | Description | | |
|---|---|---|---|
| 1 | Exhibit A: Smith Dep. Transcript Excerpts | 52 pages | 4.1 mb |
| 2 | Exhibit B: Smith Dep. Exhibits 1-5 | 32 pages | 3.8 mb |
| 3 | Exhibit C: Jones Dep. Transcript Excerpts | 51 pages | 4.5 mb |
| 4 | Exhibit D: Jones Dep. Exhibits 1-3 | 38 pages | 2.4 mb |
| 5 | Exhibit E: Smith Employment Agreement | 15 pages | 1.3 mb |
| 6 | Exhibit F: Jones Employment Agreement | 15 pages | 1.1 mb |
| 7 | Exhibit G: Jackson Dec. with Exhibits 1-3 | 20 pages | 1.7 mb |

- If a party relies upon a **deposition excerpt** to support or oppose a motion, the party should provide the relevant excerpts – **and the three pages immediately preceding and following each excerpt** – as an exhibit.

## <u>STEP TWO – CITING EXHIBITS</u>

- In the supporting brief, **cite to the docket number, the attachment number (if any), and the applicable .pdf page as it appears on the PACER docket information located at the top of the filed document**. For example:

    > Mr. Smith signed an employment agreement with ABC Corporation on May 1, 2012.   (ECF No. 42-8 at 5.)

    That citation would refer to page five of attachment eight to the item filed as docket number 42 (the Appendix of Exhibits in support of ABC Corporation's Response Brief, in the example above).

- When **citing to deposition transcripts**, cite to the specific page and line numbers of the deposition *in addition* to the docket number and page number citation format set forth above.   For example, to cite the underlined text below:

Case 1:12-1234-JMS-MJD   Document 38-2   Filed 03/01/12   Page 3 of 24 PageID #: 239

|  | 10 |  | 12 |
|---|---|---|---|
| | ever worked as a call service representative for | | Q  And then have you worked with other team |
| | another -- | | managers? |
| | A  No, that's my first time. | | A  Yes. |
| | Q  Okay.  And did you have any -- before you | | Q  Who else have you worked with? |
| | started work at ′′ ′ ι, had you had any | | A |
| | training at all in, in telephone communications | | |
| | or anything? | | |
| | A  Not for sales, yeah, not for sales.  My very | | Q |
| | first job at the Illinois Department of | | |
| | Transportation, I was a switchboard operator.  I | | |
| | just switched phones, incoming calls, to the | | A |
| | respective party they wanted to speak to but | | |
| | nothing in sales, no. | | Q |

The proper cite would be (Johnson Dep. Tr. 10:4–13, ECF No. 38-2 at 3.)

## **Failure to comply with these filing and citation procedures may result in motions or briefs being stricken or arguments being waived.**