UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

|  |  |  |
|---|---|---|
| DUSTIN LEE HONKEN, | ) ) ) | |
| Plaintiff, | ) ) ) ) | Case No. 2:20-cv-00342-JRS-DLP |
| v. | ) ) ) | |
| WILLIAM P. BARR, in his official capacity as the Attorney General of the United States; MICHAEL CARVAJAL, in his official capacity as the Director of the Federal Bureau of Prisons; DONALD W. WASHINGTON, in his official capacity as the Director of the United States Marshal Service; and WARDEN T.J. WATSON in his official capacity as Complex Warden for Terre Haute Federal Correctional Complex, | ) ) ) ) ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) ) | |

**DEFENDANTS' RESPONSE TO PLAINTIFF'S RESPONSE TO
ORDER TO SHOW CAUSE (ECF No. 12)**

Pursuant to the Court's Order of July 16, 2020, ECF No. 14, Defendants respectfully

respond to Plaintiff Dustin Honken's Response to the Court's July 15, 2020, Order to Show

Cause. As discussed below, this case is moot and should be dismissed.

Honken brought this suit claiming a violation of his rights under the Religious Freedom

Restoration Act ("RFRA"). At the time of the suit, the Federal Bureau of Prisons ("BOP") had

not concluded its administrative process of reviewing Honken's request to allow the presence of

his spiritual advisor, Father Mark O'Keefe, during Honken's execution, which is scheduled for

tomorrow at 4 p.m.  However, on July 6, 2020, the Warden at FCC Terre Haute informed

Honken that BOP had granted his request and would allow Father O'Keefe to "provide pastoral

care before, during, and after [Honken's] execution."  *See Hartkemeyer v. Barr*, 2:20-cv-00336-

JMS-DLP (S.D. Ind.), Exhibit 2 to Winter Decl., ECF No. 60-2 (Letter from T. J. Watson,

Complex Warden to Dustin Honken).

In addition, government counsel further represented on July 8, 2020, that BOP will

provide certain additional accommodations, which include allowing Father O'Keefe access to

Honken in the holding cell at the execution facility at a reasonable time prior to the execution in

order to provide Last Rites.  As Honken acknowledges, *see* ECF No. 12-1, this list of

accommodations ("the July 8 Email") was appended to the government's opposition to the

motion for a preliminary injunction filed by Father O'Keefe in a separate suit, *Hartkemeyer v.*

*Barr*, 2:20-cv-00336-JMS-DLP (S.D. Ind.), ECF No. 65-1 (Ex. 1 to Defs.' Opp. to Father

O'Keefe's Mot. for Preliminary Injunction).[1]

Despite these accommodations and although federal officials such as Defendants are

presumed to act in good faith, Honken contends that he cannot rely on government counsel's

representations concerning these accommodations.  Resp. ¶ 9.  To dispel any concerns,

Defendants hereby represent to the Court and to Honken that BOP intends to provide the

accommodations previously identified in the July 8 Email.  In addition, in the spirit of

cooperation and in the interest of avoiding any potential delay of Honken's execution scheduled

for 4 p.m. tomorrow, including the associated harm to the Government and the public interest,

---

[1] This Court has since denied Father O'Keefe's motion for a preliminary injunction, and that denial was upheld by both the Seventh Circuit and the Supreme Court, *Hartkemeyer v. Barr*, No. 20-2262 (July 15, 2020); 20A-11, 591 U.S. __ (July 16, 2020) (denial of application of stay of Purkey and Honken and denial of petition for certiorari).

2

BOP is also willing to provide certain additional accommodations as requested by counsel. These additional accommodations, as well as clarifications regarding the accommodations provided in the July 8 Email, are discussed below.

*First*, Honken contends that it is "not clear whether Father O'Keefe will be within visual eyesight of Plaintiff when he is [purportedly] sidelined in the execution room." Resp. ¶ 7. The July 8 Email, however, clearly provides that "[d]uring the administration of the lethal injection, Father O'Keefe will . . . be . . . within the view of Mr. Honken." ECF No. 12-1, 3, ¶ 5. Thus, Honken's concern about his inability to see Father O'Keefe during the execution is unfounded.

*Second*, in the July 8 Email, undersigned counsel represented that "Father O'Keefe will . . . remain in the presence of Mr. Honken in the Execution Room, barring emergency circumstances (e.g., medical emergency, when confidential staff need to enter the room, or if Father O'Keefe engages in disruptive physical or verbal behavior)." ECF No. 12-1 at 3, ¶ 4. In response to counsel's inquiry about the circumstances in which "confidential staff [would] need to enter the room," undersigned counsel further explained that "the [confidential] staff would not come into the room absent a medical or safety issue arising." Email dated July 9, 2020 (attached as exhibit A). BOP now confirms that these representations remain true, and there is no basis for Plaintiff's contention that BOP will "unilaterally alter[] its position on this score." Resp. ¶ 9. Indeed, in the two executions that have taken place this week, the spiritual advisors for the condemned inmates were never once removed from the execution room during the proceedings.

*Third*, the July 8 Email indicated that except during a brief visit in the presence of his security escort and two other officials, Father O'Keefe would not be allowed to communicate verbally with Mr. Honken while in the execution room if so directed by the government officials, and that he "[would] be required to remain silent once the proceedings start." ECF No. 12-1 at 3,

3

¶ 4.  Honken asserts in his Response that Father O'Keefe should be allowed to "pray with him for the full duration, up to and even after his death."  Resp. ¶ 6.  BOP now agrees to provide this accommodation, provided that Father O'Keefe does not engage in any disruptive physical or verbal behavior.  This should allay Honken's concern that he will only have a "'*brief*' no-contact visit in the execution room."  Resp. ¶ 8 (emphasis added).

*Fourth*, the July 8 Email further provides that Father O'Keefe may choose to visit Honken for several hours in the visiting area of the execution facility on the day of the execution, and that at a reasonable amount of time before the execution, Father O'Keefe will be escorted back into the visiting area and allowed to enter the holding cell to provide Last Rites, which could include direct physical contact with Honken.  No. 12-1, 3, ¶ 5; *see also Hartkemeyer*, 2:20-cv-00336-JMS-DLP (S.D. Ind.), Winter Decl., ECF No. 52-1 ("in order for Father O' Keefe to provide Mr. Honken Last Rites, he will be allowed to physically contact Mr. Honken in the holding cell of the execution facility" while Honken is restrained).

Although Honken did not mention this in his response to the Order to Show Cause, his Complaint appears to request that Father O'Keefe be allowed to perform Last Rites in the execution room itself.  His counsel confirmed such a request today.  BOP has reassessed its previous position and agrees to grant Honken's request, subject to certain limitations.  Specifically, after Honken is restrained and the IV lines are established, Father O'Keefe will be escorted into the execution room to administer Last Rites to Honken for a reasonable period of time that does not unduly delay the proceedings.

4

In light of the foregoing accommodations BOP is willing to provide to Honken, Honken's claims in this case are moot.

Dated:  July 16, 2020

Respectfully submitted,

DAVID M. MORRELL
Deputy Assistant Attorney General

PAUL R. PERKINS                                JOSH J. MINKLER
Special Counsel                                United States Attorney

JEAN LIN                                        _/s/*Shelese Woods*_____
JONATHAN KOSSAK                                 SHELESE WOODS
CRISTEN C. HANDLEY                              Assistant United States Attorney
Civil Division
Federal Programs Branch
U.S. Department of Justice


                                                *Attorneys for Defendants*

5

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on July 16, 2020, the foregoing was filed electronically through

ECF/CM.  On this same date, electronic service will be made to all counsel of record through the

Court's ECF/CM system.


s/ *Shelese Woods*
Shelese Woods
Assistant United States Attorney


Office of the United States Attorney
10 West Market Street, Suite 2100
Indianapolis, IN 46204
(317) 226-6333
(317) 226-6125 [Fax]