UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

|  |  |  |
|---|---|---|
| DUSTIN LEE HONKEN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| | ) | Case No. 2:20-cv-00342-JRS-DLP |
| | ) | |
| v. | ) | |
| | ) | |
| WILLIAM P. BARR, in his official | ) | |
| capacity as the Attorney General of the | ) | |
| United States; MICHAEL CARVAJAL, in | ) | |
| his official capacity as the Director of the | ) | |
| Federal Bureau of Prisons; DONALD W. | ) | |
| WASHINGTON, in his official capacity | ) | |
| as the Director of the United States | ) | |
| Marshal Service; and WARDEN T.J. | ) | |
| WATSON in his official capacity as | ) | |
| Complex Warden for Terre Haute Federal | ) | |
| Correctional Complex, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**BRIEF IN SUPPORT OF MOTION TO DISMISS**

Dustin Honken filed this lawsuit to challenge aspects of his ability to receive religious rites during his federal execution, which took place on July 17, 2020. As a result, the declaratory and injunctive relief Mr. Honken sought through his lawsuit is no longer available and his case must be dismissed for mootness.[1]

A case becomes moot, and the federal courts lose subject matter jurisdiction, when a justiciable controversy ceases to exist between the parties. *See Church of Scientology of Cal. v.*

---

[1] The undersigned contacted counsel for Mr. Honken to request that they file a Voluntary Notice of Dismissal pursuant to Fed. R. Civ. P. 41(a)(1)(A). Opposing counsel notified the undersigned that they do not intend to file such a motion.

*United States*, 506 U.S. 9, 12 (1992) ("if an event occurs while a case is pending . . . that makes it impossible for the court to grant 'any effectual relief whatever' to a prevailing party, the [case] must be dismissed.") (quoting *Mills v. Green*, 159 U.S. 651, 653 (1895)); *Honig v. Doe*, 484 U.S. 305, 317 (1988) (grounding mootness doctrine in the Constitution's Article III requirement that courts adjudicate only "actual, ongoing cases or controversies"). "A case is moot when issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." *Erie v. Pap's A.M.*, 529 U.S. 277, 287 (2000) (internal citations omitted). Following Mr. Honken's death, this action is moot.

A moot case must be dismissed for lack of jurisdiction. *Board of Educ. of Downers Grove Grade School Dist. No. 58 v. Steven L.*, 89 F.3d 464, 467 (7th Cir. 1996), *cert. denied*, 117 S. Ct. 1556 (1997). When it is determined that a court lacks jurisdiction, its only course of action is to announce that fact and dismiss the case. *Steel Co. v. Citizens for a Better Environment*, 523 U.S. 83, 94 (1998) ("'Jurisdiction is power to declare the law, and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause.'") (quoting *Ex parte McCardle*, 7 Wall, 506, 514, 19 L.Ed. 264 (1868)).

On July 17, 2020, the Plaintiff's execution took place and his spiritual advisor was permitted to minister to him as requested. Mr. Honken is now deceased, which renders the case moot.

WHEREFORE, the Official Capacity Defendants respectfully request that the Court grant their motion to dismiss and dismiss all of the Plaintiff's claims against them.

2

Respectfully submitted,

By:      _s/ Shelese Woods_
         Shelese Woods
         Assistant United States Attorney

## CERTIFICATE OF SERVICE

I hereby certify that on September 10, 2020, the foregoing was filed electronically through ECF/CM, which will generate service of this document electronically through the Court's ECF/CM system to all counsel of record.

_s/ Shelese Woods_
Shelese Woods
Assistant United States Attorney

Office of the United States Attorney
10 West Market Street
Suite 2100
Indianapolis, Indiana 46204